**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Atlanta

NOV 9 2009

JAMES N. HATTEN, Clerk
By: L. Wade-Childs
Deputy Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
|  | : | CRIMINAL INFORMATION |
| v. | : | |
|  | : | NO. 1:09-CR-487 |
| SAI HYUN LEE | : | |

THE UNITED STATES ATTORNEY CHARGES THAT:

<u>COUNT ONE</u>

On or about December 17, 2004, in the Northern District of Georgia, the defendant, SAI HYUN LEE, while knowingly under oath and under penalty of perjury as permitted under Title 28, United States Code, Section 1746, did knowingly subscribe as true a false statement with respect to a material fact in an application and other document, that is, United States Department of Labor Form ETA750, Application for Alien Employment Certification, required by the immigration laws and regulations prescribed thereunder, and did knowingly present said United States Department of Labor Form ETA750, Application for Alien Employment Certification to the United States Department of Labor which contained false statements and which failed to contain any reasonable basis in law and fact, in violation of Title 18, United States Code, Section 1546.

<u>FORFEITURE PROVISION</u>

1. The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for

the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(6).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1546 set forth in Count One of this Information, the defendant, SAI HYUN LEE, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(6), any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the offense of which the defendant, SAI HYUN LEE, is convicted, any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the defendant is convicted, and any property, real or personal, used to facilitate or intended to be used to facilitate the commission of the offense of which the defendant is convicted. The property to be forfeited includes, but is not limited to, the following:

    (a)   A sum of money equal to $100,000.00 in United States currency.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

SALLY QUILLIAN YATES
ACTING UNITED STATES ATTORNEY

*/s/ Susan Coppedge*

SUSAN COPPEDGE
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar Number 187251

*/s/ Wm. L. McKinnon, Jr.*

WILLIAM L. MCKINNON, JR.
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar Number 495812
600 Richard B. Russell Bldg.
75 Spring Street
Atlanta, GA 30335
404-581-6000
Fax. No. 404-581-6181